LAW OFFICES OF
O'KEKE & ASSOCIATES, P.C.
801 Franklin Avenue.
Brooklyn, New York 11238
Tel.: (718) 855-9595
Attorneys for plaintiff

------------------------------------X----------------------------

| | |
|---|---|
| DONALD WILLIAMS, | **:UNITED STATES DISTRICT COURT** |
| | **:EASTERN DISTRICT OF NEW YORK** |
| Plaintiff(s), | : |
| | : CASE No.:<u>18-CV-06740</u> |
| against | : |
| | : **(ENV) (JO)** |
| | : |
| THE CITY OF NEW YORK, | : CIVIL ACTION |
| P.O. RAFAEL JIMENEZ, SHIELD #1640 | : |
| P.O. OMAYEMI GATLING, SHIELD #9165 | : **FIRST AMENDED COMPLAINT** |
| P.O. BRIANNA MAZIMANN, SHIELD #5096: | |
| P.O. REYMUNDO NAVEDO, SHIELD #31738: | **PLAINTIFF DEMANDS** |
| P.O. MATTHEW PAGANO, SHIELD #17526 : | **TRIAL BY JURY** |
| P.O. FRANCESCO PENNISI, SHIELD #14488: | |
| P.O. TOMASZ ROGINSKI, SHIED #3512  : | |
| SERGEANT CARL SCOGMANILLO, SHIELD #4519: | |
| | : |
| Defendant(s).       : | |

------------------------------------X----------------------------

TAKE NOTICE, the Plaintiff, Donald Williams, hereby appears in this action by his attorneys, The Law Offices of O'keke & Associates, P.C., and demands that all papers be served upon them, at the address below, in this matter.

Plaintiff, Donald Williams, by his attorneys, The Law Offices of O'keke & Associates, P.C., complaining of the defendants, The City of New York, P.O. Rafael Jimenez, Shield #1640, P.O. Omayemi Gatling, Shield #9165, P.O. Brianna Mazimann, Shield #5096, P.O. Reymundo Navedo, Shield #31738, P.O. Matthew Pagano, Shield #17526, P.O. Francesco Pennisi, Shield #14488, P.O. Tomasz Roginski, Shied #3512, and Sergeant Carl Scogmanillo, Shield #4519, collectively referred to as the Defendants, upon information and belief alleges as follows:

1

## NATURE OF THE ACTION

1. This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985], [and arising under the law and statutes of the State of New York].

## JURISDICTION

2. The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the plaintiff by the Fourteenth Amendment to the Constitution of the United States.  Jurisdiction of this court exists pursuant to 42 USC §1983 and under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

3. All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiff's federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiff's claims under applicable State and City laws.

4. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in

2

this district pursuant to 28 U.S.C. §§1391 (b) and (c).

## SATISFACTION OF THE PROCEDURAL PREREQUISITES FOR SUIT

5.   All conditions precedent to the filing of this action have been complied with.

6.   This action, pursuant to applicable Federal and State Law, has been commenced within three (3) years after the happening of the event upon which the claim is based.

## PARTIES

7.   Plaintiff resides in Brooklyn, New York and is a resident of the State of New York.

8.   The actions which form the underlying basis for this case all took place in the City of Brooklyn in the County of Kings, within the jurisdiction of the Eastern District of New York.

9.   Defendants P.O. Rafael Jimenez, Shield #1640, P.O. Omayemi Gatling, Shield #9165, P.O. Brianna Mazimann, Shield #5096, P.O. Reymundo Navedo, Shield #31738, P.O. Matthew Pagano, Shield #17526, P.O. Francesco Pennisi, Shield #14488, P.O. Tomasz Roginski, Shied #3512, and Sergeant Carl Scogmanillo, Shield #4519, are police officers  for  the City of New York, acting under color of state law. They are being sued in both their individual and official capacity.

10.  The Defendant, City of New York is a municipality in the State of New York and employs the Defendants Police Officers.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

11.  On or about July 21, 2018, at about 9 a.m. plaintiff, who

was a 76 years old man, was driving on Albany Avenue at or near its intersection with Forster Avenue in Brooklyn, New York when his motor vehicle was struck by another vehicle that ran a red light causing plaintiff injuries.

12. Following the accident Emergency Medical Services (EMS) personnel arrived and started administering medical treatment to plaintiff in their ambulance.

13. As plaintiff was receiving medical treatment in the ambulance one of the defendant police officers accosted him and told him that he was under arrest for an outstanding warrant for driving with a suspended license and for writing a bad check to the Department of Motor Vehicles (DMV). Plaintiff told the police officer that none of those allegations was true because his driver's license had never been suspended and he had never written a bad check to the DMV. Then the police officer told plaintiff that plaintiff probably owed child support arrears. Again, plaintiff told the police officer that he never owed any child support arrears.

14. Plaintiff told the police officer that he was in pain as a result of the injuries he sustained from the accident and that he would like to be taken to a hospital for treatment. In reply the police officer told plaintiff that if plaintiff were to be taken to the hospital that plaintiff would be handcuffed to a hospital bed for at least eight hours. The police officer told plaintiff that it would be better for plaintiff to be taken to the precinct where he would be given a Desk Appearance Ticket and released after about one hour so that he could seek medical treatment.

15. Even though plaintiff was in severe pain and needed medical treatment badly he was greatly frightened by the thought of being handcuffed to a hospital bed for several hours, since

4

he had never been arrested or handcuffed all his life.

16.   Thus, plaintiff was arrested, removed from the ambulance, handcuffed and placed in the rear of a police car. The police officer and his partner, another police officer transported plaintiff to the NYPD 67th precinct.

17.   At the precinct plaintiff was searched and placed in a holding cell with other inmates instead of being given a Desk Appearance Ticket and released as the police officer told him.

18.   When plaintiff asked to use the bathroom he was left in the bathroom for about two hours even though he kept calling to be taken out of the bathroom after he was done using it. He was only taken out of the bathroom when the defendant police officers came to take his fingerprints and mug shot. Afterward plaintiff was returned to the cell.

19.   After several hours at the precinct plaintiff was taken to the Central Bookings Division of the Kings County Criminal Court where he was pedigreed and placed in a holding cell with several other inmates.

20.   Plaintiff was detained until he was brought before a judge the following day. While in detention plaintiff missed taking his daily high blood pressure and diabetes medications and a cut he sustained below his knee cap, which was bandaged by the EMS personnel, went unattended. Defendant police officers never offered plaintiff any medical treatment even though they knew he was involved in a motor vehicle accident in which he sustained injuries; and even though they knew that plaintiff's treatment by EMS personnel was interrupted when he was arrested and transported to the precinct.

21.   Plaintiff was falsely charged with VTL 0511 01A, Aggravated Unlicensed Operation of a Motor Vehicle in the Third Degree

and VTL 0509 01 1 Unlicensed Operation of a Motor Vehicle; and was made to appear before a judge of the Criminal Court of Kings County Brooklyn, New York, two times before all charges against him were dismissed on September 21, 2018.

22. At no time did plaintiff commit any offense against the laws of New York City and or State for which an arrest may be lawfully made.  At no time did the plaintiff engage in any conduct which in any way justified the unlawful and unconscionable actions of the defendant police officers.

23. On the date and at the time defendant police officers unlawfully arrested, searched and or detained/imprisoned plaintiff, they did not have a warrant or any lawful justification to do so.

24. The decision to arrest and charge the plaintiff was objectively unreasonable under the circumstances.

25. While plaintiff was being detained, the defendants individually and/or collectively completed arrest paperwork, in which they swore in part, that the plaintiff had committed a crime and/or offense.

26. The factual claims by the defendant officers were materially false and the defendant officers knew them to be materially false at the time they first made them, and every time thereafter when they repeated them.

27. The defendant officers forwarded these false allegations to the Kings County District Attorney ("KCDA") in order to justify the arrests and to persuade the KCDA to commence the plaintiff's criminal prosecution.

28. That as a direct result of these false allegations by the defendant police officers; the plaintiff was criminally charged under Docket Number CR-033670-18KN.

29. At no time prior to or during the above events was there probable cause to arrest the plaintiff, nor was it

reasonable for the defendants to believe that probable cause existed.

30. At no time did any defendant take any steps to intervene in, prevent, or otherwise limit the misconduct engaged in by the defendants against the plaintiff.

31. The defendant officers intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct described herein as required.

32. As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer injuries, including but not limited to emotional distress, nightmares, and unwarranted severe anger bouts some or all of which may be permanent.

33. The false arrest of plaintiff, plaintiff's unlawful search, and wrongful imprisonment because of defendants' knowledge of a lack of any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

34. As a direct and proximate result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the City of New York and the State of New York.

35. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing police officers including defendants in this case, to engage in unlawful conduct.

36. Defendant City of New York, as a matter of policy and

practice, has with deliberate indifference failed to sanction or discipline police officers including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including defendants in this case, to engage in unlawful conduct.

37. The defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and over the NYPD.

38. Defendant New York City had actual or constructive knowledge that there was inadequate supervision over and /or within the NYPD with respect to its members' abuse of their authority, abuse of arrest powers and other blatant violations of the United States Constitution and rules and regulations of the NYPD. Despite ample notice and/or knowledge of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put in place to ensure that NYPD members engaged in police conduct in a lawful and proper manner, inclusive of use of their authority as law enforcement officers with respect to the general public and specifically the plaintiff herein.

39. The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic and institutional misuse and abuse of police authority by its NYPD employees and thereby deliberately and intentionally adopted, condoned and otherwise created through deliberate inaction and negligent supervision and NYPD policy, practice and custom of utilizing illegal and impermissible searches, arrests and detentions, and the manufacturing of evidence, in the

ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond plaintiff's arrest.

40. All of the acts and omissions by the defendant officers described above were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures and rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD.

41. The existence of the unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in a long history of civil actions in state and federal courts.

42. In an Order dated November 25, 2009, in <u>Colon v. City of New York, 09 CV 0008 (EDNY)</u>, the court held that:

> *Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. Despite numerous inquiries by commissions and strong reported efforts by the present administration—through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department—there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged.*

43. That on more than half of the occasions where the Civilian Complaint Review Board refers substantiated complaints against officers to the NYPD for disciplinary action, the NYPD either simply issues a verbal warning or drops the charges altogether.

44. That the defendant New York City has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk and the inadequate level of supervision would lead to violation of individuals constitutional rights in general, and caused the violation of plaintiff's rights in particular.

45. The actions of all defendants, acting under color of State law, deprived plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in his person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process, and the right to due process.

46. By these actions, defendants have deprived plaintiff of rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

**AS A FIRST CAUSE OF ACTION: AGAINST EACH DEFENDANT OFFICER FALSE ARREST AND FALSE IMPRISONMENT UNDER 42 U.S.C § 1983**

47. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 46 of this complaint as though fully set forth herein.

48. The arrest, detention and imprisonment of plaintiff were without just or probable cause and without any warrant or legal process directing or authorizing the plaintiff's

arrest or subsequent detention.

49. As a result of plaintiff's false arrest and imprisonment, he has been caused to suffer humiliation, great mental and physical anguish, embarrassment and scorn among those who know him, was prevented from attending to his necessary affairs, and has been caused to incur legal expenses, and has been otherwise damaged in his character and reputation.

50. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

51. The defendant officers were at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for the defendant officers acts as described above.

52. This action falls within one or more of the exceptions of the New York State Civil Practice Law and Rules §1602.

**AS A SECOND CAUSE OF ACTION: AGAINST EACH DEFENDANT OFFICER:**
**UNLAWFUL SEARCH UNDER 42 U.S.C § 1983**

53. By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 52 of this complaint as though fully set forth herein.

54. Following the plaintiff's arrest, the defendant officers searched and/or strip-searched and/or caused the plaintiff and/or his property to be searched and/or strip-searched, without any individualized reasonable suspicion that he was concealing weapons or contraband.

55. As a result of the foregoing, the plaintiff was subjected to an illegal and improper search and/or strip-search.

56. The foregoing unlawful search violated the plaintiff's

11

constitutional right to privacy, as guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

57. As a consequence of the defendant officers' individual and/or collective actions as set forth above, the plaintiff suffered a significant loss of liberty, humiliation, mental anguish, depression, and his constitutional rights were violated. Plaintiff hereby demands compensatory damages and punitive damages in an amount to be determined at trial, against the defendant officers, individually and severally.

**AS A THIRD CAUSE OF ACTION: AGAINST EACH DEFENDANT OFFICER: FAILURE TO INTERVENE UNDER 42 U.S.C § 1983**

58. By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 57 of this complaint as though fully set forth herein.

59. Each defendant officer had an affirmative duty to intervene on the plaintiff's behalf to prevent the violation to his constitutional rights, as more fully set forth above.

60. Each defendant officer failed to intervene on the plaintiff's behalf to prevent the violation of his constitutional rights, despite having had a realistic and reasonable opportunity to do so.

61. As a consequence of the defendant officers' individual and/or collective actions, the plaintiff suffered loss of liberty, humiliation, mental anguish, depression, loss of wages from work, serious personal injuries, and his constitutional rights were violated. Plaintiff hereby demands compensatory damages and punitive damages, in an amount to be determined at trial, against the defendant officers, individually and severally.

**AS A FOURTH CAUSE OF ACTION: AGAINST EACH DEFENDANT OFFICER: DENIAL OF A CONSTITUTIONAL RIGHT TO A FAIR TRIAL UNDER 42 U.S.C § 1983 DUE TO THE FABRICATION/FALSIFICATION OF EVIDENCE**

62. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 61 of this complaint as though fully set forth herein.

63. Each defendant officer created false evidence against the plaintiff.

64. Each defendant officer forwarded false evidence and false information to the prosecutors in the Kings County District Attorney's office.

65. Each defendant officer was directly involved in the initiation of criminal proceedings against the plaintiff.

66. Each defendant officer lacked probable cause to initiate criminal proceedings against the plaintiff.

67. Each defendant officer acted with malice in initiating criminal proceedings against the plaintiff.

68. Each defendant officer was directly involved in the continuation of criminal proceedings against the plaintiff.

69. Each defendant officer lacked probable cause in continuing criminal proceedings against the plaintiff.

70. Each defendant officer acted with malice in continuing criminal proceedings against the plaintiff.

71. Each defendant officer misrepresented and falsified evidence throughout all phases of the criminal proceeding.

72. Each defendant officer misrepresented and falsified evidence to the prosecutors in the Kings County District Attorney's office.

73. Each defendant officer withheld exculpatory evidence from the prosecutors in the Kings County District Attorney's office.

74.  Each defendant officer did not make a complete statement of facts to the prosecutors in the Kings County District Attorney's office.

75.  By creating false evidence against the plaintiff; forwarding false evidence and information to the prosecutors; and by providing false and misleading testimony throughout the criminal proceedings, each defendant officer violated the plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

76.  As a consequence of the defendant officers' actions, the plaintiff suffered loss of liberty, humiliation, mental anguish, depression, loss of wages from work, and his constitutional rights were violated.  Plaintiff hereby demands compensatory damages and punitive damages in an amount to be determined at trial, against each defendant officer, individually and severally.

**AS A FIFTH CAUSE OF ACTION AGAINST ALL DEFENDANTS: DENIAL OF MEDICAL CARE UNDER THE FOURTEENTH AMENDMENT**

77.  By this reference, plaintiff incorporate each and every allegation and averment set forth in paragraphs 1 through 76 of this complaint as though fully set forth herein.

78.  The Defendants Officers engaged in extreme and outrageous conduct by deliberately, intentionally, negligently and or recklessly interrupting plaintiff's medical treatment following the aforementioned motor vehicle accident.

79.  The Defendants Officers engaged in extreme and outrageous conduct, by deliberately, intentionally, negligently and or recklessly denying and or not providing plaintiff medical treatment while plaintiff was being detained by defendants

following the aforementioned motor vehicle accident.

80. The Defendants Officers knew or should have known of the excessive risk posed to plaintiff's health, well-being and or safety as a result of the injuries plaintiff sustained from the aforementioned motor vehicle accident and the fact that plaintiff required medical treatment.

81. The Defendants Officers acted in deliberate indifference by disregarding and or ignoring the excessive risk posed to plaintiff's health, well-being and or safety as a result of the injuries plaintiff sustained from the aforementioned motor vehicle accident.

82. At the time of plaintiff's arrest plaintiff informed the Defendants Officers that he was in pain and needed medical attention but the defendant police officers still detained plaintiff without providing him and medical treatment or continuing plaintiff's medical treatment which they interrupted.

83. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff was denied medical care and sustained the damages herein-before stated.

**AS AN SIXTH CAUSE OF ACTION AGAINST ALL DEFENDANTS: INTENTIONAL AND/OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

84. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 83 of this complaint as though fully set forth herein.

85. The Defendants Officers engaged in extreme and outrageous conduct, intentionally, negligently and or recklessly causing severe emotional distress to plaintiff.

86. Plaintiff's emotional distress has damaged his personal and professional life because of the severe mental pain and

anguish which were inflicted through deliberate and malicious detention and imprisonment by the Defendants Officers.

87. Defendants, their officers, agents, servants, and employees were responsible for the intentional and/or negligent infliction of emotional distress suffered by the Plaintiff at the hands of the Defendants Officers and security guards, defendant City of New York, as employer of the Officers, is responsible for their wrongdoing under the doctrine of respondeat superior.

88. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein-before stated.

**AS A SEVENTH CAUSE OF ACTION: AGAINST EACH DEFENDANT OFFICER MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983**

89. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 88 of this complaint as though fully set forth herein.

90. The commencement and continued prosecution of the criminal judicial proceeding against plaintiff, including the arrest, the imprisonment, and the charges against plaintiff were committed by or at the insistence of the defendant officers without probable cause or legal justification, and with malice.

91. The defendant officers were directly involved in the initiation of criminal proceedings against the plaintiff.

92. The defendant officers lacked probable cause to initiate criminal proceedings against the plaintiff.

93. The defendant officers acted with malice in initiating criminal proceedings against the plaintiff.

94. The defendant officers were directly involved in the

continuation of criminal proceedings against the plaintiff.

95. The defendant officers lacked probable cause in continuing criminal proceedings against the plaintiff.

96. The defendant officers acted with malice in continuing criminal proceedings against the plaintiff.

97. The defendant officers misrepresented and falsified evidence throughout all phases of the criminal proceeding.

98. The defendant officers misrepresented and falsified evidence to the prosecutors in the Kings County District Attorney's office.

99. The defendant officers withheld exculpatory evidence from the prosecutors in the Kings County District Attorney's office.

100. The defendant officers did not make a complete statement of facts to the prosecutors in the Kings County District Attorney's office.

101. The criminal judicial proceeding initiated against plaintiff was dismissed on September 21, 2018 and terminated in the plaintiff's favor.

102. The arrest, imprisonment and prosecution of the plaintiff were malicious and unlawful, because plaintiff had committed no crime and there was no probable cause to believe that plaintiff had committed any crimes.

103. The defendant officers actions were intentional, unwarranted and in violation of the law. The defendant officers had full knowledge that the charges made before the Court against the plaintiff were false and untrue.

104. As a consequence of the malicious prosecution by the defendant officers, plaintiff suffered a significant loss of liberty, humiliation, mental anguish, depression, and his constitutional rights were violated. Plaintiff hereby demands compensatory damages and punitive damages, in the

amount of to be determined at trial, against defendant officers, individually and severally.

105. In addition, the defendant officers conspired among themselves to deprive plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth and Fourteenth Amendments to United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

106. The defendant officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of their constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution.

107. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before stated.

**WHEREFORE**, plaintiff respectfully requests judgment against the Defendants as follows:

1. For compensatory damages against all defendants in an amount to be proven at trial;
2. For exemplary and punitive damages against all defendants in an amount to be proven at trial;
3. For costs of suit herein, including plaintiff's reasonable attorney's fees; and;
4. For such other and further relief as the court deems

proper.


Dated: May 17, 2019
       Brooklyn, New York

                                   O'keke & Associates, PC.

                                 */S/ John C. Iwuh*

                                 _____
                                 John C. Iwuh, Esq. (JI-2361)
                                 O'keke& Associates, PC.
                                 Attorney for Plaintiff
                                 801 Franklin Avenue
                                 Brooklyn, New York 11238
                                 Tel. (718) 855-9595
                                 Direct Dial: (347) 442-5089

Civil Case Number: <u>18-CV-06740 (ENV) (JO)</u> Attorney: <u>JOHN C. IWUH [2361]</u>

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

DONALD WILLIAMS,

                                        Plaintiff(s),

     against

P.O. RAFAEL JIMENEZ, SHIELD #1640
P.O. OMAYEMI GATLING, SHIELD #9165
P.O. BRIANNA MAZIMANN, SHIELD #5096
P.O. REYMUNDO NAVEDO, SHIELD #31738
P.O. MATTHEW PAGANO, SHIELD #17526
P.O. FRANCESCO PENNISI, SHIELD #14488
P.O. TOMASZ ROGINSKI, SHIED #3512
SERGEANT CARL SCOGMANILLO, SHIELD #4519

                                        Defendant(s).

---

**AMENDED SUMMONS & COMPLAINT**
**DEMAND TRIAL BY JURY**

---

**O'keke & Associates, PC**
801 FRANKLIN AVENUE, BROOKLYN NY, 11238
PHONE: (718) 855-9595 FAX: (718) 855-9494
EMAIL: polawuk@aol.com,

---

To:

Defendants/Attorney(s) For Defendants.

---

Service of a copy of the within is hereby admitted

                Dated:_____

            Attorney(S) For:_____

---

20