UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

DONALD WILLIAMS,

                                              Plaintiff,

                       -against-

THE CITY OF NEW YORK
P.O. RAFAEL JIMENEZ, SHIELD #1640
P.O. OMAYEMI GATLING, SHIELD #9165
P.O. BRIANNA MAZIMANN, SHIELD #5096
P.O. REYMUNDO NAVEDO, SHIELD #31738
P.O. MATTHEW PAGANO, SHIELD #14488
P.O. FRANCISCO PENNISI, SHIELD #14488
P.O. TOMASZ ROGINSKI, SHIELD #3512
SERGEANT CARL SCOGMANILLO, SHIELD #4519

                                              Defendants.

------------------------------------------------------------------- x

**STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER**

18-CV-06740 (ENV) (JO)

        **WHEREAS**, pursuant to Rule 26 of the Federal Rules of Civil Procedure, Defendants must disclose certain documents and information to Plaintiff;

        **WHEREAS**, Pursuant to Rules 33 and 34, Plaintiff may seek certain documents and information from Defendants pursuant to Plaintiff's discovery demands in this action;

        **WHEREAS** Defendants deem and/or may deem some of this information and documents to be confidential, private and/or subject to a law enforcement and/or governmental privileges and/or other applicable privileges;

        **WHEREAS**, good cause exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

        **WHEREAS**, Defendants object to the production of those documents unless appropriate protection for their confidentiality is assured;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the attorney for Plaintiff and Defendants as follows:

1. This Action shall mean <u>Donald Williams v. City of New York, et al.</u>, 18-CV-06740 (ENV) (JO) filed in the Eastern District of New York.

2. As used herein, without waiving the right to later interpose objections concerning these documents, "Confidential Materials" shall mean:

    (A) New York City Police Department ("NYPD") employment/personnel related records for the individual Defendants;

    (B) Any other disciplinary histories or other records from The Civilian Complaint Review Board, Internal Affairs Bureau, other New York City Police Department divisions or any other agencies;

    (C) Full names and contact information of non-party individuals and/or witnesses;

    (D) NYPD training materials, including, but not limited to, the Patrol Guidelines, Administrative Guide, Operation Orders, training manuals, and/or directories;

    (E) Other documents and information that may in good faith, during the pendency of this litigation, be designated "Confidential Materials" by the Defendants or the Court.

3. The documents and information as defined in Paragraph 2 shall not be deemed "Confidential Materials" to the extent, and only to the extent, that they are: (a) obtained by Plaintiff from sources other than the Defendants or (b) are otherwise publicly available.

4. Defendants shall designate in good faith particular documents "Confidential Materials" by labeling such documents "Confidential" and/or by designating such documents by bates number in a writing directed to Plaintiff's counsel. Defendants shall have a reasonable time to inspect and designate as "Confidential Materials" documents sought from third parties.

5. Plaintiff's counsel shall keep confidential for "attorney's eyes only" names, addresses, telephone numbers, social security numbers, dates of birth, and other identifying personal information of witnesses, to the extent that such information is provided to Plaintiff's attorney. Such information shall be used only by the attorney or her law firm or agents for the purpose of communication with witnesses or the service of subpoenas, and shall not be disclosed to Plaintiff, Plaintiff's family members, or other persons, and such information shall not be included in documents publicly filed with the Court.

6. Any documents produced by a non-party pursuant to a subpoena in this Action and that are designated as Confidential Material by Defendants shall be governed by the terms of this Stipulation of Confidentiality and Protective Order.

7. Defendants reserve the right to designate any document confidential pursuant to this agreement if necessary after production of such documents to Plaintiff.

8. Inadvertent production of any document or information which is privileged, confidential, and/or was prepared in anticipation of litigation, is otherwise immune from discovery, shall not constitute a waiver of any privilege or confidentiality or of another ground for objecting to discovery with respect to that document, or its subject matter, or the information contained therein, or of Defendants' right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

9. If Plaintiff objects to the designation of particular documents as "Confidential Materials," Plaintiff shall state such objection in writing to the Defendants, and the parties shall endeavor in good faith to resolve such objection. If such objection cannot be resolved, then, within fifteen (15) days of receiving Defendants' response to Plaintiff's objections, Plaintiff shall seek judicial intervention. Any such materials or information shall remain Confidential until the parties resolve the objection or there is a resolution of the designation by the Court.

10. Plaintiff's attorney shall not use the Confidential Materials for any purpose other than for the preparation or presentation of Plaintiff's case in this Action.

11. Plaintiff's attorney shall not disclose the Confidential Materials to any person not a member of the staff of his law firm, except under the following conditions:

  a. Disclosure may be made only if necessary to the preparation or presentation of Plaintiff's case in this action, to those individuals described in the subparagraphs below.

  b. Disclosure before trial may be made only to the Plaintiff, to an expert who has been retained or specially employed by Plaintiff's attorney in anticipation of litigation or preparation for this action, to a witness at deposition, or to the Court.

  c. Before any disclosure is made to a person listed in subparagraphs (a) through (b) above (other than to the Court), Plaintiff's attorney shall provide each such person with a copy of this Stipulation of Confidentiality and Protective Order for review, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose

other than in connection with the prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case. Plaintiff's attorney shall retain the signed consent and furnish a copy to Defendants' attorney upon request, although the name of an expert that Plaintiff does not intend to call as a trial witness may be redacted from such consent before it is produced.

12. Deposition testimony concerning any Confidential Materials which reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation of Confidentiality and Protective Order.

13. If any paper which incorporates any Confidential Materials or reveals the contents thereof is filed in this Court, those portions of the papers shall be filed under seal, in accordance with the rules of the District Court in which the Action is filed and/or the Individual Rules of the judge to whom the papers are directed.

14. Where the confidential information is not material to issues addressed in court submissions and the parties agree in writing that the redaction of personal, confidential and/or identifying information would be sufficient to protect the interests of parties or non-parties, Plaintiff may file redacted documents without further order of the Court.

15. In addition, where reasonable advance notice is given by Plaintiff and the parties agree in writing to the use of the confidential information in support of a motion for summary judgment or any other dispositive motion by Plaintiff or at a trial on the merits in this

matter, such information will not be subjected to the instant Stipulation of Confidentiality and Protective Order. In the event that the Confidential Materials may be disclosed at a hearing or at trial, the Court may impose appropriate safeguards for the presentation of such Confidential Materials.

16. Within 30 days after the termination of this Action, including any appeals, the "Confidential Materials," including all copies, notes, and other materials containing or referring to information derived therefrom (other than the Court's copies of such materials), shall be returned to Defendants' attorneys or, upon Defendants' attorneys' consent, destroyed (except as to privilege material which shall be destroyed), and all persons who possessed such materials, including any person referenced in Paragraph 11(c), shall verify their return or destruction by affidavit furnished to Defendants' attorney. Notwithstanding this provision, Plaintiff's attorney may retain a copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Materials, so long as appropriate safeguards are imposed to prevent the use of any copies for any purpose. Any such copies that contain or constitute Confidential Materials remain subject to this Stipulation of Confidentiality and Protective Order.

17. This Stipulation will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Materials are produced or disclosed. All documents or information that have been deemed confidential pursuant to this order, including all copies and non-conforming copies thereof, shall remain confidential for all time. Once the Action has been resolved, including all appeals, the Confidential Materials, including all copies and non-conforming copies thereof, shall not be used by Plaintiff, or anyone receiving

confidential documents pursuant to paragraph 10 herein, for any purpose without prior Court approval.

18. This Stipulation shall be binding upon the parties immediately upon signature and shall be submitted to the Court for entry as an Order.

19. The terms of this Stipulation and Protective Order shall be binding upon all current and future parties to this Action and their counsel.

20. Nothing in this Stipulation and Protective Order shall be construed to limit Defendants' use of the Confidential Materials in any manner.

Dated: New York, New York

August 9, 2019

| | |
|---|---|
| JOHN C. IWUH, ESQ.<br>*Attorney for Plaintiff*<br>801 Franklin Avenue, Suite 1<br>Brooklyn, New York 11238 | ZACHARY W. CARTER<br>Corporation Counsel of the City of New York<br>*Counsel for Defendants City of New York,*<br>*Omayemi Gatling, Rafael Jimenez, Brianna*<br>*Mazimann, Reymundo Navedo, Matthew Pagano,*<br>*Francisco Pennisi, Tomascz Roginski, and Carl*<br>*Scogmanillo*<br>100 Church Street<br>New York, New York 10007 |
| By: _____<br>JOHN C. IWUH | By: _____<br>CHRISTOPHER D. DELUCA |

SO ORDERED:

_____
HONORABLE JAMES ORENSTEIN
UNITED STATES MAGISTRATE JUDGE

DATED: _____

8